Electronically Filed - Jackson - Independence - February 09, 2023 - 03:15 PM

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT INDEPENDENCE

JODY HENDRICK,            )
and                       )
JESSICA HENDRICK          )
14535 S Highway 13        )
Higginsville, MO  64037   )
                          )
                          )
          Plaintiffs,     )     Case No._____
                          )
vs.                       )
                          )
ACADEMY I LP              )
d/b/a Academy Sports + Outdoors  )
Serve Registered Agent:   )
CT Corporation System     )
120 South Central Avenue  )
Clayton, Missouri 63105   )
                          )
vs.                       )

CHRISTOPHER GAITHER
6700 N Indiana
Gladstone, MO 64119

Defendants.

## **PETITION FOR DAMAGES**

COMES NOW Plaintiffs Jody and Jessica Hendrick, and for their causes of action against

Defendants state and allege the following:

### **PARTIES**

1.      Plaintiffs Jody Hendrick and Jessica Hendrick are husband and wife and are

residents of Higginsville, Lafayette County, Missouri, at the address more fully set forth above.

2.      At all times alleged herein, Defendant Academy I LLP, d/b/a Academy Sports +

Outdoors, (hereafter, "Defendant Academy Sports") was the owner and operator of Academy



Electronically Filed - Jackson - Independence - February 09, 2023 - 03:15 PM

Sports located at 269 S Stewart Road, Liberty, Missouri 64068 in Clay County, conducted and continues to conduct business in the State of Missouri as Academy Sports, and is organized and existing under the laws of Missouri and in good standing and licensed to do business in the State of Missouri.

3.     Defendant Christopher Gaither is a resident of Gladstone, Clay County, Missouri. At all times relevant herein, Defendant Gaither was an employee of Defendant Academy Sports and was acting in the course and scope of his employment.

## JURISDICTION AND VENUE

4.     The Plaintiff was first injured in the city of Independence, Jackson County, Missouri, and therefore this court has jurisdiction over the Defendants and venue is appropriate in Jackson County in accordance with section 508.010 (4), RSMo.

## FACTS COMMON TO ALL COUNTS

5.     On or about January 2, 2020, at or around 10:37 a.m., an individual entered Academy Sports, located at 269 S Stewart Road in Liberty, Missouri.

6.     The individual approached the gun counter of Academy Sports and made contact with Defendant Christopher Gaither, the Team Lead Employee on duty at Academy Sports that day.

7.     The individual informed Defendant Gaither that he would like to see a Smith and Wesson 9mm Shield handgun. There was no such a handgun in the display case, so Defendant Gaither went into the locked safe to retrieve and bring the individual the requested handgun.

8.     Upon information and belief, Defendant Gaither handed control of the handgun over to the individual and allowed the individual to look over, handle, and inspect the handgun.

When Defendant Gaither retreived the handgun and provided it to the individual, the handgun was not equipped with any trigger locking mechanism.

9. Upon information and belief, Defendant Gaither did not perform any background check, ID check, or any other form of confirmation of identity prior to allowing the individual to handle the handgun.

10. The individual informed Defendant Gaither he would like to purchase the gun. At this time, Defendant Gaither asked the individual for his current and valid driver's license, which the individual provided. At some point during this exchange, the individual placed a box of ammunition he had obtained from the shelves adjacent to the counter onto the counter, making such ammunition accessible to himself.

11. Defendant Gaither ran the individual's name, drivers license number, and address through the Academy Sports internal system. Defendant Gaither then entered the identification the individual had provided to complete the required Federal Firearms Transaction Record. Upon information and belief, Defendant Gaither allowed the gun to remain on a counter directly behind Defendant Gaither, within reach of the individual during this time.

12. At or around 10:48 am, the results of the required background check came back "Denied."

13. The individual then opened his coat and pulled out a knife, jumped over the counter, grabbed the gun, and grabbed the ammunition he had previously placed on the counter. Defendant Gaither, upon seeing the knife, immediately ran from his location behind the counter.

14. The individual took the handgun and ammunition and exited Academy Sports through the main entrance, ran to his vehicle in the parking lot, and drove away in a northeast direction.

15.     The individual then drove directly to Landmark Dodge located at 1900 S. Noland Road, Independence, MO 64055.

16.     The individual entered the Used Car section of the business and approached Plaintiff Jody Hendrick. The individual shot Plaintiff several times at point blank range using the handgun and ammunition obtained from Defendant Gaither at Defendant Academy Sports. The individual started to leave, paused at the doorway, and then reentered the business and shot Plaintiff again at point blank range.

17.     Plaintiff was rushed to Centerpoint Hospital with gunshot wounds to his head, torso, and leg.

18.     Using the serial number provided by Defendant Academy Sports, officers from Independence Police Department were able to confirm with officers from the Liberty Police Department that the handgun the individual used to shoot Plaintiff matched the handgun Defendant Gaither had retrieved for the individual earlier that day at Academy Sports.

## COUNT I: DEFENDANT ACADEMY SPORTS – NEGLIGENCE

19     Plaintiff incorporates by reference the foregoing paragraphs as though fully set forth herein.

20.     Defendant Academy Sports knew or, by using ordinary care, should have known, of the unreasonably dangerous conditions of failing to implement safe guards including but not limited to storing ammunition in locked cabinets, conducting a firearm background check prior to allowing a customer to handle a firearm, placing firearms back in a locked safe or out of customer's reach while conducting a firearm background check, removing firearm magazines and/or placing and keeping security lock functions on firearms until after a customer has purchased the firearm. Defendant Academy Sport's failure to remove or correct these conditions constituted negligence,

and such negligence was a proximate cause of the occurrence in question and the Plaintiff's resulting injuries.

21.     Defendant was negligent in the following particulars:

    a.     Failure to properly inspect and maintain the area in question to discover the dangerous condition thereof;

    b.     Failure to store ammunition in a locked cabinet;

    c.     Failure to conduct a firearm background check prior to allowing a customer to handle and/or inspect a firearm for purchase;

    d.     Failure to place the unpurchased firearm back into a locked drawer, safe or display case while conducting a firearm background check;

    e.     Failure to store firearms and ammunition in different locked areas of the store;

    f.     Failure to remove the magazine from the firearm when relinquishing control of the firearm;

    g.     Failure to place and/or keep a security lock function on firearms until after a customer has purchased the firearm;

    h.     Failure to implement safeguards including but not limited to proper security measures such as alarm sounds, locks, and/or proper staffing;

    i.     Failing to properly train staff regarding the dangers of allowing customers to ammunition and firearms before completing a proper background check; and/or

    j.     Failure to correct the aforementioned dangerous conditions.

22. As a result of the above-described actions or inactions of Defendant described above, the Plaintiff suffered severe personal injuries to his face, head, neck, and upper body. Plaintiff has experienced severe physical pain and mental anguish. Plaintiff has been caused to incur medical charges and expenses for Plaintiff's injuries and will likely continue to incur expenses in the future. Plaintiff has experienced pain and suffering and other consequential damages.

23. By reason of the above and foregoing, Plaintiff Jody Hendricks has been damaged in a sum in excess of $25,000.00.

WHEREFORE, Plaintiff prays judgment in excess of Twenty-Five Thousand Dollars ($25,000.00), and for his costs herein incurred and expended, and for such other relief as the Court deems just and proper.

## COUNT II: DEFENDANT CHRISTOPHER GAITHER - NEGLIGENCE

24. Plaintiff incorporates by reference the foregoing paragraphs as though fully set forth herein.

26. Defendant Christopher Gaither knew or, by using ordinary care, should have known, of the unreasonably dangerous conditions of failing to implement safe guards as described above, including but not limited to, conducting a firearm background check prior to allowing a customer to handle a firearm, placing firearm s back in a locked safe or out of customer's reach while conducting a firearm background check, removing magazines from firearm, and/or placing and keeping security lock functions on firearms until after a customer has purchased the firearm. Defendant Christopher Gaither's failure to remove or correct these conditions constituted negligence, and such negligence was a proximate cause of the occurrence in question and the Plaintiff's resulting injuries.

27.     Defendant was negligent in the following particulars:

    a.      Failure to properly inspect and maintain the area in question to discover the dangerous condition thereof (the accessibility of both the firearm and ammunition);

    b.      Failure to conduct a firearm background check prior to allowing a customer to handle and/or inspect a firearm for purchase;

    c.      Failure to place the unpurchased firearm back into a locked drawer, safe or display case while conducting a firearm background check;

    d.      Failure to place and/or keep a security lock function on firearms until after a customer has purchased the firearm;

    e.      Failure to remove the magazine from the firearm when relinquishing control of the firearm;

    f.      Failure to ensure that the firearm was not accessible to the customer; and

    g.      Failure to correct the aforementioned dangerous conditions.

28.     As a result of the above-described actions or inactions of Defendant described above, the Plaintiff suffered severe personal injuries to his face, head, neck, and upper body. Plaintiff has experienced severe physical pain and mental anguish. Plaintiff has been caused to incur medical charges and expenses for Plaintiff's injuries and will likely continue to incur expenses in the future. Plaintiff has experienced pain and suffering and other consequential damages.

29.     By reason of the above and foregoing, Plaintiff Jody Hendricks has been damaged in a sum in excess of $25,000.00.

WHEREFORE, Plaintiff prays judgment in excess of Twenty-Five Thousand Dollars ($25,000.00), and for his costs herein incurred and expended, and for such other relief as the Court deems just and proper.

### COUNT III: CONSORTIUM CLAIM OF PLAINTIFF JESSICA HENDRICK

30.     Plaintiffs incorporate the foregoing paragraphs as though fully set forth herein.

31.     Plaintiff Jessica Hendrick is currently and was on January 2, 2020 the wife of Plaintiff Jody Hendrick.

32.     As a result of the injuries of Plaintiff Jody Hendrick, Plaintiff Jessica Hendrick has suffered and will continue to suffer the loss of care, services, companionship, counsel, advice, assistance, comfort, and consortium of her husband, Plaintiff Jody Hendrick.

WHEREFORE, Plaintiff Jessica Hendrick prays for judgement against Defendants for a sum in an amount that is fair and reasonable to compensate her for her damages, together with the costs and expenses incurred herein, and for such other relief as the Court deems just and proper.

*Respectfully submitted,*

WHITE, GRAHAM, BUCKLEY
& CARR, LLC

/s/ *William L. Carr*

| William L. Carr | MO# 40091 |
| Taylor M. Arri | MO# 72685 |
| Bryan T. White | MO# 58805 |

19049 E. Valley View Parkway
Independence, MO  64055
Telephone:  816-373-9080
Facsimile:   816-373-9319
bcarr@wagblaw.com
tarri@wagblaw.com
bwhite@wagblaw.com

Electronically Filed - Jackson - Independence - February 09, 2023 - 03:15 PM

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT INDEPENDENCE

| | |
|---|---|
| JODY HENDRICK,<br>and<br>JESSICA HENDRICK<br>14535 S Highway 13<br>Higginsville, MO 64037<br><br>Plaintiffs,<br><br>vs.<br><br>ACADEMY I LP<br>d/b/a Academy Sports + Outdoors<br>Serve Registered Agent:<br>CT Corporation System<br>120 South Central Avenue<br>Clayton, Missouri 63105<br><br>vs.<br><br>CHRISTOPHER GAITHER<br>6700 N Indiana<br>Gladstone, MO 64119<br><br>Defendants. | Case No._____ |

**MOTION FOR APPROVAL AND APPOINTMENT OF PRIVATE PROCESS SERVER**

COMES NOW Plaintiff, by and through its attorney of record, and for its Motion for Approval/Appoint of Private Process Server, to serve process on Defendant Christophe Gaither and requests that D&B Legal Services, Inc.: Legal Names (s):

| | | |
|---|---|---|
| Alisha Allen PPS23-0003 | James Frago PPS23-0054 | Cody Kyser PPS23-0093 |
| Sallie Bailey PPS23-0222 | John Frago PPS23-0055 | Michael C Meador PPS23-0111 |
| Carl Barnett PPS23-0007 | Bradley Gordon PPS23-0059 | Maria Meier PPS23-0402 |
| Thomas Bogue PPS23-0015 | Thomas Gorgen PPS23-0060 | Heather Merfen PPS23-0115 |
| Scott Brady PPS23-0018 | Daniel Grubbs PPS23-0394 | Matthew Millhollin PPS23-0117 |
| Randy Burrow PPS23-0022 | Darnell Hamilton PPS23-0066 | Corbin Monie PPS23-0118 |
| Gary Burt PPS23-0023 | James Hannah PPS23-0067 | Jeremy Nicholas PPS23-0119 |
| Steven Butcher PPS23-0234 | Rufus Harmon PPS23-0358 | Michael Noble PPS23-0123 |
| Bobby Calvert PPS23-0026 | Stephen Heitz PPS23-0269 | Greg Noll PPS23-0124 |
| Carolyn Champlin PPS23-0029 | Bridgette Hight PPS23-0074 | Cody Patton PPS23-0133 |
| Matthew Church PPS23-0350 | James Hise PPS23-0075 | Mike Perry PPS23-0135 |
| Glen Cobb PPS23-0030 | Jennifer Hyman PPS23-0082 | Carrie Pfeifer PPS23-0137 |
| Monica Cobbs PPS23-0031 | Patrick D Jones PPS23-0086 | Elizabeth Phillips PPS23-0309 |
| David Dice PPS23-0353 | Chelsey Ketron PPS23-0087 | Craig Poese PPS23-0138 |
| Christopher Drummond PPS23-0249 | Leisa Ketron PPS23-0088 | Bill Powell PPS23-0141 |
| Anthony Dunne PPS23-0251 | Brent Kirkhart PPS23-0089 | Dee Powell PPS23-0142 |
| William Ferrell PPS23-0258 | Janice Kirkhart PPS23-0090 | Samantha Powell PPS23-0143 |
| Brandon Fisher PPS23-0053 | Tyler Kirkhart PPS23-0091 | Curtiss Press PPS23-0145 |

Electronically Filed - Jackson - Independence - February 09, 2023 - 03:15 PM

| | | |
|---|---|---|
| Kenneth Prewett PPS23-0146 | Anthony Spada PPS23-0179 | Robert Weishar PPS23-0201 |
| Benjamin Purser PPS23-0148 | Barbara Steil PPS23-0182 | Andrew Wickliffe PPS23-0203 |
| Mark Rauss PPS23-0314 | Jessica Stone PPS23-0406 | Gregory Willing PPS23-0206 |
| Kathy Rulo PPS23-0165 | Randy Stone PPS23-0184 | Conni Wilson PPS23-0208 |
| Edna Russell PPS23-0166 | Sonja Stone PPS23-0185 | Lana Wiseman PPS23-0209 |
| Westley Seifert PPS23-0168 | Daniel Swinney PPS23-0190 | Greg Zotta PPS23-0344 |
| Joe Sherrod PPS23-0169 | Ryan E Weekley PPS23-0199 | |
| Thomas Skinner PPS23-0174 | Ryan M Weekley PPS23-200 | |

who are qualified persons to serve process, are not parties to the case and are not less than eighteen (18) years of age, as private process servers in the above cause to serve process in this case.

Respectfully submitted,

WHITE, GRAHAM, BUCKLEY & CARR, LLC

/s/ *William L. Carr*
William L. Carr        MO #40091
19049 E. Valley View Parkway, Suite C
Independence, MO 64055
Telephone: 816-373-9080
Facsimile: 816-373-9319
bcarr@wagblaw.com
ATTORNEY FOR PLAINTIFF

Electronically Filed - Jackson - Independence - February 09, 2023 - 03:15 PM

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT INDEPENDENCE

JODY HENDRICK, )
and )
JESSICA HENDRICK )
14535 S Highway 13 )
Higginsville, MO 64037 )
)
)
Plaintiffs, )    Case No._____
)
vs. )
)
ACADEMY I LP )
d/b/a Academy Sports + Outdoors )
Serve Registered Agent: )
CT Corporation System )
120 South Central Avenue )
Clayton, Missouri 63105 )
)
vs. )

CHRISTOPHER GAITHER
6700 N Indiana
Gladstone, MO 64119

Defendants.

**ORDER**

It is hereby ordered that the Plaintiff's Motion for Approval and Appointment of private process server for defendant Christopher Gaither is granted and the below-named individuals are hereby approved and appointed to serve process in the above-captioned matter.

| | | |
|---|---|---|
| Alisha Allen PPS23-0003 | Brandon Fisher PPS23-0053 | Brent Kirkhart PPS23-0089 |
| Sallie Bailey PPS23-0222 | James Frago PPS23-0054 | Janice Kirkhart PPS23-0090 |
| Carl Barnett PPS23-0007 | John Frago PPS23-0055 | Tyler Kirkhart PPS23-0091 |
| Thomas Bogue PPS23-0015 | Bradley Gordon PPS23-0059 | Cody Kyser PPS23-0093 |
| Scott Brady PPS23-0018 | Thomas Gorgen PPS23-0060 | Michael C Meador PPS23-0111 |
| Randy Burrow PPS23-0022 | Daniel Grubbs PPS23-0394 | Maria Meier PPS23-0402 |
| Gary Burt PPS23-0023 | Darnell Hamilton PPS23-0066 | Heather Merfen PPS23-0115 |
| Steven Butcher PPS23-0234 | James Hannah PPS23-0067 | Matthew Millhollin PPS23-0117 |
| Bobby Calvert PPS23-0026 | Rufus Harmon PPS23-0358 | Corbin Monie PPS23-0118 |
| Carolyn Champlin PPS23-0029 | Stephen Heitz PPS23-0269 | Jeremy Nicholas PPS23-0119 |
| Matthew Church PPS23-0350 | Bridgette Hight PPS23-0074 | Michael Noble PPS23-0123 |
| Glen Cobb PPS23-0030 | James Hise PPS23-0075 | Greg Noll PPS23-0124 |
| Monica Cobbs PPS23-0031 | Jennifer Hyman PPS23-0082 | Cody Patton PPS23-0133 |
| David Dice PPS23-0353 | Patrick D Jones PPS23-0086 | Mike Perry PPS23-0135 |
| Christopher Drummond PPS23-0249 | Chelsey Ketron PPS23-0087 | Carrie Pfeifer PPS23-0137 |
| Anthony Dunne PPS23-0251 | Leisa Ketron PPS23-0088 | Elizabeth Phillips PPS23-0309 |
| William Ferrell PPS23-0258 | | Craig Poese PPS23-0138 |

| | | |
|---|---|---|
| Bill Powell PPS23-0141 | Westley Seifert PPS23-0168 | Ryan E Weekley PPS23-0199 |
| Dee Powell PPS23-0142 | Joe Sherrod PPS23-0169 | Ryan M Weekley PPS23-200 |
| Samantha Powell PPS23-0143 | Thomas Skinner PPS23-0174 | Robert Weishar PPS23-0201 |
| Curtiss Press PPS23-0145 | Anthony Spada PPS23-0179 | Andrew Wickliffe PPS23-0203 |
| Kenneth Prewett PPS23-0146 | Barbara Steil PPS23-0182 | Gregory Willing PPS23-0206 |
| Benjamin Purser PPS23-0148 | Jessica Stone PPS23-0406 | Conni Wilson PPS23-0208 |
| Mark Rauss PPS23-0314 | Randy Stone PPS23-0184 | Lana Wiseman PPS23-0209 |
| Kathy Rulo PPS23-0165 | Sonja Stone PPS23-0185 | Greg Zotta PPS23-0344 |
| Edna Russell PPS23-0166 | Daniel Swinney PPS23-0190 | |

02/10/2023

**DEPUTY COURT ADMINISTRATOR**

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT INDEPENDENCE

JODY HENDRICK,          )
and                       )
JESSICA HENDRICK       )
14535 S Highway 13      )
Higginsville, MO  64037   )
                          )
                          )
        Plaintiffs,      )   Case No._____
                          )
vs.                      )
                          )
ACADEMY I LP          )
d/b/a Academy Sports + Outdoors  )
Serve Registered Agent:     )
CT Corporation System      )
120 South Central Avenue   )
Clayton, Missouri 63105     )
                          )
vs.                      )

CHRISTOPHER GAITHER
6700 N Indiana
Gladstone, MO 64119

Defendants.

**ORDER**

It is hereby ordered that the Plaintiff's Motion for Approval and Appointment of private process server for defendant Christopher Gaither is granted and the below-named individuals are hereby approved and appointed to serve process in the above-captioned matter.

| | | |
|---|---|---|
| Alisha Allen PPS23-0003 | Brandon Fisher PPS23-0053 | Brent Kirkhart PPS23-0089 |
| Sallie Bailey PPS23-0222 | James Frago PPS23-0054 | Janice Kirkhart PPS23-0090 |
| Carl Barnett PPS23-0007 | John Frago PPS23-0055 | Tyler Kirkhart PPS23-0091 |
| Thomas Bogue PPS23-0015 | Bradley Gordon PPS23-0059 | Cody Kyser PPS23-0093 |
| Scott Brady PPS23-0018 | Thomas Gorgen PPS23-0060 | Michael C Meador PPS23-0111 |
| Randy Burrow PPS23-0022 | Daniel Grubbs PPS23-0394 | Maria Meier PPS23-0402 |
| Gary Burt PPS23-0023 | Darnell Hamilton PPS23-0066 | Heather Merfen PPS23-0115 |
| Steven Butcher PPS23-0234 | James Hannah PPS23-0067 | Matthew Millhollin PPS23-0117 |
| Bobby Calvert PPS23-0026 | Rufus Harmon PPS23-0358 | Corbin Monie PPS23-0118 |
| Carolyn Champlin PPS23-0029 | Stephen Heitz PPS23-0269 | Jeremy Nicholas PPS23-0119 |
| Matthew Church PPS23-0350 | Bridgette Hight PPS23-0074 | Michael Noble PPS23-0123 |
| Glen Cobb PPS23-0030 | James Hise PPS23-0075 | Greg Noll PPS23-0124 |
| Monica Cobbs PPS23-0031 | Jennifer Hyman PPS23-0082 | Cody Patton PPS23-0133 |
| David Dice PPS23-0353 | Patrick D Jones PPS23-0086 | Mike Perry PPS23-0135 |
| Christopher Drummond PPS23-0249 | Chelsey Ketron PPS23-0087 | Carrie Pfeifer PPS23-0137 |
| Anthony Dunne PPS23-0251 | Leisa Ketron PPS23-0088 | Elizabeth Phillips PPS23-0309 |
| William Ferrell PPS23-0258 | | Craig Poese PPS23-0138 |

| | | |
|---|---|---|
| Bill Powell PPS23-0141 | Westley Seifert PPS23-0168 | Ryan E Weekley PPS23-0199 |
| Dee Powell PPS23-0142 | Joe Sherrod PPS23-0169 | Ryan M Weekley PPS23-200 |
| Samantha Powell PPS23-0143 | Thomas Skinner PPS23-0174 | Robert Weishar PPS23-0201 |
| Curtiss Press PPS23-0145 | Anthony Spada PPS23-0179 | Andrew Wickliffe PPS23-0203 |
| Kenneth Prewett PPS23-0146 | Barbara Steil PPS23-0182 | Gregory Willing PPS23-0206 |
| Benjamin Purser PPS23-0148 | Jessica Stone PPS23-0406 | Conni Wilson PPS23-0208 |
| Mark Rauss PPS23-0314 | Randy Stone PPS23-0184 | Lana Wiseman PPS23-0209 |
| Kathy Rulo PPS23-0165 | Sonja Stone PPS23-0185 | Greg Zotta PPS23-0344 |
| Edna Russell PPS23-0166 | Daniel Swinney PPS23-0190 | |

---

Date

---

Judge/Clerk

# IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
## AT INDEPENDENCE

**JODY HENDRICK,**

<table>
<tr><td>PLAINTIFF(S),</td><td>CASE NO. 2316-CV03607</td></tr>
<tr><td>VS.</td><td>DIVISION 5</td></tr>
</table>

**ACADEMY I LP D/B/A ACADEMY SPORTS + OUTDOORS,**

**DEFENDANT(S).**

## NOTICE OF CASE MANAGEMENT CONFERENCE FOR CIVIL CASE
## AND ORDER FOR MEDIATION

NOTICE IS HEREBY GIVEN that a Case Management Conference will be held with the Honorable **JAMES FRANCIS KANATZAR on 02-JUN-2023** in **DIVISION 5** at **08:30 AM**. All Applications for Continuance of a Case Management Conference should be filed on or before Wednesday of the week prior to the case management setting. Applications for Continuance of a Case Management Conference shall comply with Supreme Court Rule and 16th Cir. R. 34.1. Continuance of a Case Management Conference will only be granted for good cause shown because it is the desire of the Court to meet with counsel and parties in all cases within the first 4 months that a case has been on file. All counsel and parties are directed to check Case.NET on the 16th Judicial Circuit web site at www.16thcircuit.org after filing an application for continuance to determine whether or not it has been granted.

A lead attorney of record must be designated for each party as required by Local Rule 3.5.1. A separate pleading designating the lead attorney of record shall be filed by each party as described in Local Rule 3.5.2. The parties are advised that if they do not file a separate pleading designating lead counsel, even in situations where there is only one attorney representing the party, JIS will not be updated by civil records department, and copies of orders will be sent to the address currently shown in JIS. Civil Records does not update attorney information from answers or other pleadings. The Designation of Lead Attorney pleading shall contain the name of lead counsel, firm name, mailing address, phone number, FAX number and E-mail address of the attorney who is lead counsel.

At the Case Management Conference, counsel should be prepared to address at least the following:

a.   A trial setting;

b.   Expert Witness Disclosure Cutoff Date;

c.   A schedule for the orderly preparation of the case for trial;

d.   Any issues which require input or action by the Court;

e.   The status of settlement negotiations.

## MEDIATION

The parties are ordered to participate in mediation pursuant to Supreme Court Rule 17. Mediation shall be completed within 10 months after the date the case if filed for complex cases, and 6 months after the date the case is filed for other circuit cases, unless otherwise ordered by the Court. Each party shall personally appear at the mediation and participate in the process. In the event a party does not have the authority to enter into a settlement, then a representative of the entity that does have actual authority to enter into a settlement on behalf of the party shall also personally attend the mediations with the party.

The parties shall confer and select a mutually agreeable person to act as mediator in this case. If the parties are unable to agree on a mediator the court will appoint a mediator at the Case Management Conference.

Each party shall pay their respective pro-rata cost of the mediation directly to the mediator.

## POLICIES/PROCEDURES

Please refer to the Court's web page www.16thcircuit.org for division policies and procedural information listed by each judge.

> **/S/ JAMES FRANCIS KANATZAR**
> JAMES FRANCIS KANATZAR, **Circuit Judge**

### Certificate of Service

This is to certify that a copy of the foregoing was electronic noticed, faxed, emailed and/or mailed or hand delivered to the plaintiff with the delivery of the file-stamped copy of the petition. It is further certified that a copy of the foregoing will be served with the summons on each defendant named in this action.

Attorney for Plaintiff(s):
BRYAN TURNER WHITE, 19049 E VALLEY VIEW PARKWAY, STE C, INDEPENDENCE, MO 64055

TAYLOR MICHELLE ARRI, 19049 E. VALLEY VIEW PKWY, SUITE C, INDEPENDENCE, MO 64055

WILLIAM LEWIS CARR, WHITE ALLINDER GRAHAM, BUCKLEY & CARR LLC SUITE C, 19049 E VALLEY VIEW PARKWAY, INDEPENDENCE, MO 64055

Defendant(s):
ACADEMY I LP D/B/A ACADEMY SPORTS + OUTDOORS
CHRISTOPHER GAITHER

Dated:  10-FEB-2023                                    BEVERLY A. NEWMAN

2316-CV03607                         Page 2 of 3                    DMSNCMCIVI (2/2017)

Court Administrator



# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| Judge or Division:<br>JAMES FRANCIS KANATZAR | Case Number: 2316-CV03607 |
|---|---|
| Plaintiff/Petitioner:<br>JODY HENDRICK<br><br><br><br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>WILLIAM LEWIS CARR<br>WHITE ALLINDER GRAHAM<br>BUCKLEY & CARR LLC SUITE C<br>19049 E VALLEY VIEW PARKWAY<br>INDEPENDENCE, MO 64055 |
| Defendant/Respondent:<br>ACADEMY I LP<br>DBA: ACADEMY SPORTS OUTDOORS | Court Address:<br>308 W Kansas<br>INDEPENDENCE, MO 64050 |
| Nature of Suit:<br>CC Other Tort | (Date File Stamp) |

## Summons in Civil Case

**The State of Missouri to:** ACADEMY I LP
      **Alias:**
      **DBA: ACADEMY SPORTS OUTDOORS**

RA; CT CORPORATION SYSTEM
120 SOUTH CENTRAL AVENUE
CLAYTON, MO 63105



*COURT SEAL OF*

*JACKSON COUNTY*

      **You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.**

      10-FEB-2023
      Date                                          Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling place or usual abode of the defendant/respondent with
_____ a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to

_____ (name) _____ (title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____        _____
  Printed Name of Sheriff or Server                      Signature of Sheriff or Server

   *(Seal)*        **Must be sworn before a notary public if not served by an authorized officer:**

            Subscribed and sworn to before me on _____ (date).

            My commission expires: _____

                          Date                              Notary Public

OSCA (11/2021) SM30 (JAKSMCC) *For Court Use Only:* **Document Id # 23-SMCC-1608**  1 of 1 Civil Procedure Form No. 1, Rules 54.01 – 54.05,

54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 4:23-cv-00202-BCW     Document 1-1     Filed 03/24/23     Page 18 of 31

| Sheriff's Fees | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Sheriff's Deputy Salary | | |
| Supplemental Surcharge | $____10.00____ | |
| Mileage | $_____ | (_____ miles @ $._____ per mile) |
| **Total** | $_____ | |

A copy of the summons and petition must be served on **each** defendant/respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (11/2021) SM30 (JAKSMCC) *For Court Use Only:* **Document Id # 23-SMCC-1608**   1  of  1 Civil Procedure Form No. 1, Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 4:23-cv-00202-BCW     Document 1-1     Filed 03/24/23     Page 19 of 31

## SUMMONS/GARNISHMENT SERVICE PACKETS
## ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org → Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made.   Thank you.


                                        Circuit Court of Jackson County



# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| Judge or Division:<br>JAMES FRANCIS KANATZAR | Case Number: 2316-CV03607 |
|---|---|
| Plaintiff/Petitioner:<br>JODY HENDRICK | Plaintiff's/Petitioner's Attorney/Address<br>WILLIAM LEWIS CARR<br>WHITE ALLINDER GRAHAM<br>BUCKLEY & CARR LLC SUITE C<br>19049 E VALLEY VIEW PARKWAY<br>vs. INDEPENDENCE, MO 64055 |
| Defendant/Respondent:<br>ACADEMY I LP<br>DBA: ACADEMY SPORTS OUTDOORS | Court Address:<br>308 W Kansas<br>INDEPENDENCE, MO 64050 |
| Nature of Suit:<br>CC Other Tort | (Date File Stamp) |

## Summons in Civil Case

| The State of Missouri to: CHRISTOPHER GAITHER<br>Alias:<br>**6700 N. INDIANA<br>GLADSTONE, MO 64119** | **PRIVATE PROCESS SERVER** |
|---|---|



*COURT SEAL OF*

*JACKSON COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

10-FEB-2023
Date

Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling place or usual abode of the defendant/respondent with _____ a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to

_____ (name) _____ (title).

☐ other _____ .

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server                    Signature of Sheriff or Server

*(Seal)*          **Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

My commission expires: _____          _____
Date                                      Notary Public

OSCA (11/2021) SM30 (JAKSMCC) *For Court Use Only:* **Document Id # 23-SMCC-1609**   1 of 1Civil Procedure Form No. 1, Rules 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 4:23-cv-00202-BCW     Document 1-1     Filed 03/24/23     Page 21 of 31

| **Sheriff's Fees** | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Sheriff's Deputy Salary | | |
| Supplemental Surcharge | $_____10.00_____ | |
| Mileage | $_____ | (_____ miles @ $._____ per mile) |
| **Total** | $_____ | |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (11/2021) SM30 (JAKSMCC) *For Court Use Only:* **Document Id # 23-SMCC-1609** 1 of 1Civil Procedure Form No. 1, Rules 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 4:23-cv-00202-BCW    Document 1-1    Filed 03/24/23    Page 22 of 31

# SUMMONS/GARNISHMENT SERVICE PACKETS
## ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org → Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made.  Thank you.

Circuit Court of Jackson County

6/2020

## AFFIDAVIT OF SERVICE

**State of Missouri**       **County of Jackson**       **Circuit Court**

Case Number: 2316-CV03607

Plaintiff:
**JODY HENDRICK AND JESSCIA HENDRICK**

vs.

Defendant:
**ACADEMY I LP DBA ACADEMY SPORTS + OUTDOORS AND CHRISTOPHER GAITHER**

POW2023001913

For:
White, Graham, Buckley & Carr
19049 E. Valley View Parkway Ste C
Independence, MO 64055

Received by D & B Legal Services, Inc. on the 10th day of February, 2023 at 1:06 pm to be served on **CHRISTOPHER GAITHER, 6700 N INDIANA, GLADSTONE, MO 64119**.

I, Brandon Fisher PPS23-0053, being duly sworn, depose and say that on the **12th day of February, 2023 at 9:29 am, I:**

**INDIVIDUALLY/PERSONALLY** served by delivering a true copy of the **Summons in Civil Case, Notice of Case Management Conference for Civil Case and Order for Mediation, Petition For Damages** with the date and hour of service endorsed thereon by me, to: **CHRISTOPHER GAITHER** at the address of: **6700 N INDIANA, GLADSTONE, MO 64119.**

I certify that I am over the age of 18 and have no interest in the above action and the foregoing statements made by me are true and correct.

Subscribed and Sworn to before me on the 13th day of
February, 2023

NOTARY PUBLIC

JAMES HANNAH
Notary Public - State of Kansas
My Appt. Expires  8/23/23

**Brandon Fisher PPS23-0053**
Process Server

**D & B Legal Services, Inc.**
**P.O. Box 7471**
**Overland Park, KS 66207**
**(913) 362-8110**

Our Job Serial Number: POW-2023001913

Copyright © 1992-2023 DreamBuilt Software, Inc - Process Server's Toolbox V8 2n

Electronically Filed - Jackson - Independence - March 06, 2023 - 11:53 AM

 **IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI**

| Judge or Division:<br>JAMES FRANCIS KANATZAR | Case Number: 2316-CV03607 |
|---|---|
| Plaintiff's/Petitioner:<br>JODY HENDRICK | Plaintiff's/Petitioner's Attorney/Address<br>WILLIAM LEWIS CARR<br>WHITE ALLINDER GRAHAM<br>BUCKLEY & CARR LLC SUITE C<br>19049 E VALLEY VIEW PARKWAY<br>INDEPENDENCE, MO 64055 |
| vs. | |
| Defendant/Respondent:<br>ACADEMY I LP<br>DBA: ACADEMY SPORTS OUTDOORS | Court Address:<br>308 W Kansas<br>INDEPENDENCE, MO 64050 |
| Nature of Suit:<br>CC Other Tort | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to: CHRISTOPHER GAITHER

Alias:

6700 N. INDIANA
GLADSTONE, MO 64119

## PRIVATE PROCESS SERVER

**COURT SEAL OF**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

10-FEB-2023
Date

_____
Clerk

**JACKSON COUNTY**

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling place or usual abode of the defendant/respondent with _____ a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to

_____ (name) _____ (title).

☐ other _____

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____       _____
Printed Name of Sheriff or Server       Signature of Sheriff or Server

(Seal)    Must be sworn before a notary public if not served by an authorized officer:

Subscribed and sworn to before me on _____ (date).

My commission expires: _____      _____
               Date                Notary Public

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT INDEPENDENCE

| | |
|---|---|
| JODY HENDRICK and JESSICA HENDRICK, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| ACADEMY I LP d/b/a Academy Sports + Outdoors, | ) ) ) |
| v. | ) ) |
| CHRISTOPHER GAITHER, | ) ) |
| Defendants. | ) |

Case No.: 2316-CV03607

Division: 5

## SEPARATE ANSWER OF DEFENDANT CHRISTOPHER GAITHER TO PLAINTIFFS' PETITION FOR DAMAGES

COMES NOW Defendant Christopher Gaither ("Defendant Gaither"), by and through undersigned counsel of record, and for his Answer to Plaintiffs' Petition for Damages ("Petition") states as follows:

### PARTIES

1.      Defendant Gaither is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 1 of Plaintiffs' Petition and, therefore, denies the same.

2.      Defendant Gaither is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 2 of Plaintiffs' Petition and, therefore, denies the same.

3.      Defendant Gaither admits the allegations contained in Paragraph 3 of Plaintiffs' Petition.

### JURISDICTION AND VENUE

4.      Defendant Gaither is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 4 of Plaintiffs' Petition and, therefore, denies the same.

## **FACTS COMMON TO ALL COUNTS**

5.      Defendant Gaither is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 5 of Plaintiffs' Petition and, therefore, denies the same.

6.      Assuming that the referenced individual is Jeffrey Millsap, Defendant Gaither admits the allegations contained in Paragraph 6 of Plaintiffs' Petition.

7.      Assuming that the referenced individual is Jeffrey Millsap, Defendant Gaither admits the allegations contained in Paragraph 7 of Plaintiffs' Petition.

8.      Defendant Gaither admits that he allowed Jeffrey Millsap to handle merchandise for possible purchase.  To the extent the allegations contained in Paragraph 8 of Plaintiffs' Petition are contrary to or exceed this admission, they are denied.

9.      Defendant Gaither admits the allegations contained in Paragraph 9 of Plaintiffs' Petition.

10.      Defendant Gaither admits Jeffrey Millsap stated he wanted to buy the firearm and identification was requested. Defendant Gaither further admits Jeffrey Millsap removed ammunition from a shelf and placed ammunition on the counter. To the extent the allegations contained in Paragraph 10 of Plaintiffs' Petition are contrary to or exceed this admission, they are denied.

11.      Defendant Gaither admits that he proceeded with the required background check of Jeffrey Millsap for purchase of a firearm and denies the remaining allegations in Paragraph 11 of Plaintiffs' Petition.

12.      Defendant Gaither admits the allegations contained in Paragraph 12.

13.      Assuming that the referenced individual is Jeffrey Millsap, Defendant Gaither admits the allegations contained in Paragraph 13 of Plaintiffs' Petition.

2

14. Defendant Gaither is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 14 of Plaintiffs' Petition and, therefore, denies the same.

15. Defendant Gaither is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 15 of Plaintiffs' Petition and, therefore, denies the same.

16. Defendant Gaither is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 16 of Plaintiffs' Petition and, therefore, denies the same.

17. Defendant Gaither is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 17 of Plaintiffs' Petition and, therefore, denies the same.

18. Defendant Gaither is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 18 of Plaintiffs' Petition and, therefore, denies the same.

## COUNT I: DEFENDANT ACADEMY SPORTS – NEGLIGENCE

19-23. The allegations contained in Paragraphs 19 through 23 of Count I of Plaintiffs' Petition, including all subparts, are raised against a Defendant other than Defendant Gaither and, therefore, no response to those allegations is necessary nor made by Defendant Gaither.

## COUNT II: DEFENDANT CHRISTOPHER GAITHER – NEGLIGENCE

24. Defendant Gaither incorporates by reference its responses to Paragraphs 1 through 23 of Plaintiffs' Petition as though fully set forth herein.

25. Plaintiffs' Petition does not include paragraph 25.

26. Defendant Gaither denies the allegations contained in Paragraph 26 of Plaintiffs' Petition.

27. Defendant Gaither denies the allegations contained in Paragraph 27 of Plaintiffs' Petition, including all subparts.

28. Defendant Gaither denies the allegations contained in Paragraph 28 of Plaintiffs' Petition.

3

29.     Defendant Gaither denies the allegations contained in Paragraph 29 of Plaintiffs' Petition.

## COUNT III:  CONSORTIUM CLAIM OF PLAINTIFF JESSICA HENDRICK

30.     Defendant Gaither incorporates by reference its responses to Paragraphs 1 through 29 of Plaintiffs' Petition as though fully set forth herein.

31.     Defendant Gaither is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 31 of Plaintiffs' Petition and, therefore, denies the same.

32.     Defendant Gaither is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 32 of Plaintiffs' Petition and, therefore, denies the same.

## AFFIRMATIVE DEFENSES

33.     Plaintiffs' Petition fails to state a claim for which relief can be granted pursuant to Missouri Supreme Court Rule 55.27(a)(6).

34.     The claims raised in Plaintiffs' Petition are barred by the Protection of Lawful Commerce in Arms Act (PLCAA) which prohibits a qualified civil action from being filed in any state or federal court. 15 U.S.C. §§ 7902(a), 7903(5)(A).

35.     The claims raised in Plaintiffs' Petition are barred by Plaintiffs' failure to plead the source or existence of a legal duty owed by Defendant Gaither to Plaintiffs.

36.     The claims raised in Plaintiffs' Petition are barred by the lack of a legal duty owed by Defendant Gaither to Plaintiffs to prevent the violent, unpredictable criminal acts of a third person.

37.     The claims raised in Plaintiffs' Petition are barred by the lack of a legal duty owed by Defendant Gaither to Plaintiffs as there was no relationship between Defendant Gaither and Plaintiffs.

4

38.     The claims raised in Plaintiffs' Petition are barred by the lack of a legal duty owed by Defendant Gaither to Plaintiffs as there was no duty owed by Defendant Gaither to control the actions of Jeffrey Millsap.

39.     The claims raised in Plaintiffs' Petition are barred by a lack of proximate cause as the shooting at issue which occurred in Independence, Missouri was not the natural and probable result of Defendant Gaither performing his job duties at a sporting goods store located 17 miles away in Liberty, Missouri.

40.     The claims raised in Plaintiffs' Petition are barred by the intentional and criminal conduct of Jeffrey Millsap in brandishing a deadly weapon and stealing a firearm from a store which constitutes a superseding and intervening cause of the injuries at issue.

41.     The claims raised in Plaintiffs' Petition are barred by the intentional and criminal conduct of Jeffrey Millsap in repeatedly shooting Plaintiff Jody Hendrick which constitutes a superseding and intervening cause of the injuries at issue.

42.     Defendant Gaither denies fault in this case, but to the extent fault is found against him, that fault must be compared with the fault of other parties in this case and yet unnamed defendants or third party defendants, including, but not limited to, Landmark Dodge Used Car Warehouse, which had a duty to protect Plaintiff Jody Hendrick and others from third party criminal attacks and breached that duty resulting in the shooting at issue in Plaintiffs' Petition.

43.     Defendant Gaither incorporates by reference the affirmative defenses raised by any other defendant to this action.

44.     Defendant Gaither reserves the right to raise additional affirmative defenses which may arise during the course of discovery.

5

WHEREFORE, having fully answered Plaintiffs' Petition, Defendant Gaither prays for judgment in his favor, for his costs herein expended, and for such other relief as the Court deems just and proper.

Respectfully submitted,

MCANANY, VAN CLEAVE & PHILLIPS, P.A.

/s/ Byron A. Bowles, Jr.
Byron A. Bowles, Jr., MO Bar #47050
Alan T. Fogleman, MO Bar #69627
10 E. Cambridge Circle Drive, Suite 300
Kansas City, KS 66103
Phone: (913) 371-3838
Fax: (913) 371-4722
bbowles@mvplaw.com
afogleman@mvplaw.com

ATTORNEYS FOR DEFENDANT
CHRISTOPHER GAITHER

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 15th day of March, 2023, a true and correct copy of the foregoing was filed via the Court's CM/ECF system which generated electronic notice of same to the following counsel of record:

William L. Carr
Taylor M. Arri
Bryan T. White
WHITE, GRAHAM, BUCKLEY
   & CARR, LLC
19049 E. Valley View Parkway
Independence, MO 64055
ATTORNEYS FOR PLAINTIFFS

/s/ Byron A. Bowles, Jr.
Attorneys for Defendant Christopher Gaither

6